# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20719

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2014

Lyle W. Cayce
Clerk

JINGPING XU,

      Plaintiff - Appellant

v.

THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER;
ARLENE PHILLIPS, in her individual and official capacities;
GUILLERMINA LOZANO, in her individual and official capacities,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3711

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:*

    This suit arises from events following the termination of plaintiff
Jingping Xu's employment at the University of Texas M.D. Anderson Cancer
Center ("UT"). Xu alleges various constitutional violations by UT and two UT
employees, Arlene Phillips and Guillermina Lozano. After providing several

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

opportunities to amend the complaint, the district court dismissed Xu's complaint for failure to state a claim.  We AFFIRM.

## I. Background

Due to the expiration of research funds, Phillips terminated Xu's employment three weeks before Xu's contract was scheduled to end.  Phillips ordered Xu to return her office keys and identification badge and cancelled Xu's email account.  Xu repeatedly asked Lozano to undo the termination of her employment.  When these requests were ignored or denied, Xu went to the UT campus and hand-delivered a grievance letter to Phillips.  After Xu left, Phillips reported Xu's presence to the UT Police Department, and, based on Phillips's report, UT police issued a Crime Alert Bulletin, which contains Xu's photo and physical description and designates her as an ex-UT employee and "suspicious person" who has "no official business on property."  Xu was also banned from "going to any property of the University of Texas."

The next day Phillips emailed Xu's former supervisor, Michael Siciliano, and informed him that Xu had delivered a grievance letter about her terminated employment.  Phillips said that she was concerned because Xu "appears to be unstable."  Phillips also stated that she "filed a police report so that [Xu] will not be allowed on [the] premises."

A few weeks later, Siciliano asked Lozano to lift the ban so that Xu could help Siciliano without pay.  Lozano granted Siciliano's request.  In a subsequent email, Phillips informed Xu that the restriction against entering UT had been lifted.  Two days later, Phillips saw Xu leaving the UT science building with a black garbage bag and called the UT Police to report this

2

suspicious activity.[1] UT Police distributed the previously created Crime Alert Bulletin to employees around the science building and asked those employees to inform the police if they saw Xu on campus.

Xu protested and asked Phillips and Lozano to take down the Crime Alert Bulletin and clear her name, but her requests were denied. In a subsequent email to UT Human Resources, Lozano insisted that Xu's ban from UT should remain active. Lozano also ordered UT Human Resources not to allow Xu to be rehired by her former department "in any capacity (compensated or otherwise)."

Xu alleges that her UT personnel file includes the following information: Lozano's order that Xu not be re-hired by UT, an order banning Xu from campus, an accusation that Xu threatened Phillips, and the UT police report and Crime Alert Bulletin. Xu also alleges that both the police report and Crime Alert Bulletin are available through a request to the UT police department.

## II. Discussion[2]

In her complaint, Xu alleges that Lozano and Phillips reported her to the UT police and, thus, caused stigmatizing information to be released to the public through the Crime Alert Bulletin. Xu also alleges that this police information is in her personnel file and available to the public through an open-records request. Based on these allegations, Xu brought procedural-due-process claims against Lozano and Phillips. We evaluate the sufficiency of Xu's individual- and official-capacity claims separately.

---

[1] The defendants claim that Phillips called the police because she witnessed Xu "leaving the [UT science building] in a hurry with two large bags in her hands." It turns out that the bags had hand-me-down baby clothes from a coworker.

[2] We review de novo a district court's dismissal for failure to state a claim. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

## A. Individual-Capacity Claims

False and stigmatizing statements may violate a plaintiff's due-process rights when they are publicized. *See Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989). Lozano and Phillips could be held individually liable under § 1983 if Xu shows (1) she was discharged; (2) stigmatizing charges were made against her in connection with the discharge; (3) the charges were false; (4) she was not provided notice or an opportunity to be heard prior to her discharge; (5) the charges were made public; (6) she requested a hearing to clear her name; and (7) the employer refused her request for a hearing. *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000).

Xu failed to allege facts to support the second element of her claim. The police report and Crime Alert Bulletin were not "made in connection with [her] discharge"; they were made because of her perceived "instability" and her perplexing presence in the UT science building after her termination. Because the statements were not "made in connection with the discharge," Xu has not stated a claim. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) ("We make all inferences in a manner favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." (quotation marks omitted)).

Moreover, given that these are individual-capacity claims, Xu failed to allege that either defendant *personally* placed any records (related to the police report or otherwise) in Xu's personnel file. Thus, neither defendant can be held liable in her individual capacity. *Bellard v. Gautreaux*, 675 F.3d 454, 463 (5th Cir. 2012) ("Proof of personal placement would be needed to hold the [defendant] individually liable" in a § 1983 action.).

No. 13-20719

Because Xu's complaint does not state a claim entitling her to relief, we affirm the district court's dismissal of the individual-capacity claims against Lozano and Phillips.

## B.  Official-Capacity Claims

Claims against officials are treated the same as claims against the entity he represents.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotation marks omitted). UT (and thus Lozano and Phillips in their official capacities) could be held liable under § 1983 if "(1) there is a constitutional violation; (2) an official policy or custom; and (3) a showing that the official policy or custom was the operational force behind the constitutional violation."  *Bellard*, 675 F.3d 454, 462 (5th Cir. 2012).

Xu failed to allege facts to establish any of these elements.  As noted above, Xu failed to allege a procedural-due-process violation because the stigmatizing charges in the police report and Crime Alert Bulletin were not "made against her in connection with the discharge."  This is a critical element in the underlying constitutional claim.  Furthermore, Xu alleged no policy or custom, official or otherwise, related to filing police reports, putting such reports in personnel files, name clearing, or any other matter.  And, without alleging the first two elements of her official-capacity claims, Xu necessarily failed to allege the third element of those claims.

Because Xu's complaint does not state a claim entitling her to relief, we affirm the district court's dismissal of the official-capacity claims against Lozano and Phillips.[3]

---

[3] The district court did not err in finding that UT was entitled to sovereign immunity. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)

No. 13-20719

## III. Conclusion

For the reasons above, we AFFIRM the district court's dismissal of Xu's complaint. Furthermore, we find no abuse of discretion in the district court's denial of Xu's motion for default judgment. Nor do we find any error in the district court's denial of Xu's motion to remove defendants' counsel. Therefore, we also AFFIRM these decisions of the district court.

AFFIRMED.

---

(stating that the exception to state-sovereign immunity (articulated in *Ex parte Young*) "has no application in suits against the States and their agencies").